UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRITZ BONAVENTURE,

                             Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE PETERSON,
and POLICE OFFICERS JOHN DOE #1-3,

                             Defendants.
------------------------------------------------------------X

Index No.:

**COMPLAINT AND JURY DEMAND**

MATSUMOTO, J.

## INTRODUCTORY STATEMENT

1. The plaintiff, FRITZ BONAVENTURE, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking compensatory and punitive damages and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of their rights afforded by the United States and New York Constitutions and under the laws of the State of New York.

2. Defendants, CITY OF NEW YORK, DETECTIVE PETERSON, and POLICE OFFICERS JOHN DOE #1-3, being employees of the New York City Police Department, respectively, violated plaintiff's civil rights without just and probable cause, causing him emotional and economic loss.

## JURISDICTION

3. The Court has jurisdiction over plaintiff's claims under 42 U.S.C. Sec. 1983 pursuant to 28 U.S.C. Sec. 1331 and Sec. 1342(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367.

5. Prior to commencement of this action and within 90 days of occurrence herein, on August 5, 2011, plaintiff served a Notice of Claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. A hearing was held pursuant to Section 50(h) of the General Municipal Law on, September 22, 2011 and this case has not been settled or adjusted.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. Plaintiff is a resident of the County of KINGS, City and State of New York.

9. Defendant CITY OF NEW YORK is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies and customs of the New York City Police Department, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

10. Defendants DETECTIVE PETERSON, and POLICE OFFICERS JOHN DOE #1-3, are being sued herein both in their individual and official capacities, are and were at all times hereinafter mentioned, and particularly on or about May 7, 2011, employed by the City of New York.

11. Defendants were at all times acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York and defendants were also acting within the scope of and in furtherance of their employment.

## FACTUAL ALLEGATIONS

12. Plaintiff, FRITZ BONAVENTURE, was not guilty of any criminal acts

13. On or about May 7, 2011, plaintiff and his two associates "Chris" and "Jason" were seated inside of a motor vehicle owned by Chris. Plaintiff was in the front passenger seat.

14. "Chris" had inadvertently left his telephone inside of his apartment. And as a result, Plaintiff and his associates "Chris" and "Jason" were waiting in the aforementioned vehicle for someone to bring the telephone to "Chris."

15. The telephone was given to the "Chris" and a few moments later, defendant DETECTIVE PETERSON and POLICE OFFICER JOHN DOE #1 approached "Chris's" vehicle with their weapons draw and instructed the plaintiff and his associated to put their hands up.

16. Thereafter, defendants POLICE OFFICERS JOHN DOE #2 and 3 arrive at the location.

17. Defendants DETECTIVE PETERSON and POLICE OFFICERS JOHN DOE # 1-3 were all travelling in marked vehicle and dressed in plain clothes.

18. The plaintiff and his associates complied with the defendants' orders, they were all forcibly removed from the vehicle, placed to sit on the curb, and handcuffed.

19. The plaintiff and his associates remained on the curb for almost a half an hour when they were transported to the 81st precinct located at 30 Ralph Avenue, Brooklyn, NY 11221.

20. Plaintiff was processed, assigned arrest number K11644852Y, and charged with obstructing governmental administration.

21. The plaintiff was then questioned by the defendants about a hostage situation in the area where he was arrested. Plaintiff maintained that he had no knowledge of any hostage situation and he repeatedly explained this to the defendants.

22. The plaintiff repeatedly asked the detectives why he was placed under arrest. His questions were ignored.

23. Thereafter plaintiff was transported to central booking and remained there until he was release on May 9, 2011.

24. Plaintiff did not appear before a judge and upon his release from central booking he was informed that all charged were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION –
## VIOLATION OF CIVIL RIGHTS

25. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities secured to them under the Constitution and laws of New York and the United States, including, but not limited to their rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. 1983 to be secure in their person, to be free from unreasonable searches and seizures, to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process and to equal protection of the laws.

27. As a result of the aforesaid violation of plaintiff's rights, sustained injuries and damages previously described in this complaint.

28. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION – NEGLIGENCE

29. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in arresting and prosecuting the plaintiff.

31. As a result of the aforesaid, plaintiffs sustained the injuries and damages previously described in this complaint.

32. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION – NEGLIGENT RETENTION AND NEGLIGENT HIRING

33. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in hiring and/or retaining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the public.

35. As a result of the aforesaid, plaintiff sustained the injuries and damages previously described in this complaint.

36. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION –
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. The actions of the defendants in arresting the plaintiff who they knew or should have known was not guilty of a crime, were outrageous and beyond any norms acceptable to society.

39. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

40. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION –
## FALSE ARREST AND FALSE IMPRISONMENT

41. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. At no time did plaintiff commit any act or offense for which an arrest may be lawfully made.

43. The false criminal charges, false arrest and wrongful imprisonment were without any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

44. As a result of the aforesaid, plaintiff sustained injuries and damages previously described in this complaint.

45. As a result of the foregoing, plaintiff seeks compensatory damages in the amount that exceeds the minimal jurisdiction of this Court from all defendants.

WHEREFORE, plaintiff FRITZ BONAVENTURE demands damages in an amount that exceeds the minimal jurisdictional amount of the lower courts from all defendants in each of the first through sixth causes of action along with punitive damages and attorney's fees, together with the costs and disbursements of this action.

Dated: New York, New York
       February 17, 2012

*[signature]*
Michael B. Ronemus (4999)
**RONEMUS & VILENSKY**
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070